[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The captioned cases are companion cases and have been consolidated for purposes of hearing and decision.
In case No. 462692, Michele Russo is the plaintiff and Maria Russo is the defendant. Michele seeks to recover sums he alleges he loaned to Maria.
In case No. 461541, Maria Russo is the plaintiff and Michele is the defendant. Maria seeks to recover certain property from the premises of Michele.
After hearing testimony from the various witnesses, examining the exhibits presented by the parties, and hearing argument of counsel, the court finds the following facts:
That the parties were divorced in 1972. That they have one son who was having marital difficulties and was in the process of dissolving his marriage. The son has minor children. The son and his children were living at the home of the paternal grandfather, Michele Russo.
The paternal grandmother, Maria Russo, had lived in Arizona for quite a few years where she was employed in the garment sewing trade and also had her own sewing business for a time.
Maria moved back to Connecticut in 1989. When the parties' son had marital difficulties she participated in caring for his children at her former husband's home.
Eventually it was agreed to by Michele, Maria and their son that Maria would move into Michele's house. She would continue helping out with the care of her minor grandchildren. She also was working at her garment-sewing trade. She had her sewing machines and various other mechanical equipment moved into the basement of Michele's house. She also brought in bolts of cloth, threads, etc., as well as personal items, papers and documents.
During this period Maria needed transportation to her place of employment. She was not able to finance the purchase of an automobile because of a lack of credit ratings in the Connecticut area. Michele agreed to help out with the financing by taking out a bank loan which was used in the purchase of a Chevrolet automobile for Maria. Maria agreed to make the CT Page 11731 required periodic note payments. She did make some of these periodic payments then stopped. Michele then paid the outstanding balance of the note amounting to $6,882.55 to keep from defaulting on the loan.
This Chevrolet automobile was subsequently given to the parties' son when his own motor vehicle broke down. This gift was by agreement of both Maria and Michele. Thereafter their son, Pat, received $1,300.00 upon the sale of his car and turned this sum over to Michele to partially reimburse him for his payment of the note. Thus, there was the net sum of $5,582.55 that Michele was out of pocket on the note.
Both parties agreed to the transfer of the Chevrolet to their son. Since Maria owed to Michele the sum outstanding on the note used to purchase that automobile, less the payment of $1,300.00 made by Pat to Michele, i.e. $4,582.55, the implication was that both parties were including this sum as part of the transfer. Therefore, each was making a gift of his or her interest in the automobile to their son. This gift of the Chevrolet by both Maria and Michele to their son, Pat, resulted in each giving Pat something: Maria her interest in the Chevrolet automobile, Michele, the note balance of $5,582.55 due from Maria which had been used to purchase the Chevrolet.
Thus, any payment on the note due from Maria to Michele was cancelled.
The court further finds that Maria purchased another automobile. This was a Cadillac. This purchase was also financed by Michele to the extent of $3,000.00. Maria agreed to repay this sum to Michele.
The court also finds that Maria had repairs made to her motor vehicle for which she owed $680.00. That Michele paid this sum for the repairs. That Maria promised to repay him this amount.
Therefore, the court finds in the matter of Docket No. 462692 Michele Russo v. Maria Russo: that the plaintiff, Michele Russo, has due and owing to him from the defendant, Maria Russo, the sums of $3,000.00 and $680.00, totaling $3,680.00.
In the matter of Docket No. 461541, Maria Russo v.CT Page 11732Michele Russo, the court finds that the defendant, Michele Russo, has withheld possession of certain personal property belonging to the plaintiff, Maria Russo, from her. That the personal property involved is set out in an order dated July 11, 1994 by Judge Joseph H. Goldberg. Further, that as a part of that order, Judge Goldberg required that those items remain in the possession of the defendant, Michele Russo, subject to further action by the court.
Therefore, judgment may enter for the two cases set out herein, as follows:
As to Docket No. 462692, Michele Russo v. MariaRusso: Judgment may enter for the plaintiff, Michele Russo, against the defendant, Maria Russo, in the sum of $3,680.00, without costs to either party.
As to Docket No. 461541, Maria Russo v. MicheleRusso: Judgment may enter for plaintiff, Maria Russo, against the defendant, Michele Russo, for possession of all of that personal property set out in the court's finding above, without costs to either party.
As to both of the above cases: The court's judgment further provides that the orders set out in Docket No. 461541,Maria Russo v. Michele Russo, is subject to the payment set out in Docket No. 462692.
JULIUS J. KREMSKI STATE TRIAL REFEREE